IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Case No. 22-015-APM |
| ROBERTO MINUTA, et. al. | * | UNDER SEAL |

* * * * *

### DEFENDANT'S MOTION FOR RECONSIDERATION

Roberto Minuta, by and through counsel, Alfred Guillaume III, moves this Honorable Court to reconsider its decision granting in part and denying in part "Miscellaneous Relief", and allow undersigned counsel to continue as co-counsel representing Mr. Minuta pursuant to the Criminal Justice Act. The grounds for this relief are as follows:

### RELEVANT FACTS

On April 15, 2022, undersigned counsel filed a redacted Motion for Miscellaneous Relief (ECF 88), previously filed under seal on April 6, 2022, requesting that he be allowed to remain in the case and continue representing Mr. Minuta following the recent entry of Mr. William Shipley as retained counsel for Mr. Minuta. On April 8, 2022, at the conclusion of a status hearing, this Honorable Court granted in part and denied in part the relief requested by the motion, stating that CJA counsel could remain in the case for purposes of accomplishing an orderly transition of the representation of Mr. Minuta, but must move to withdraw from representation of Mr. Minuta on or before June 8, 2022.

### ANALYSIS

A. **The March 4, 2022, Status Conference**

As was noted by Mr. Shipley during the hearing on March April 8, the motion was made based on an exchange between the Court and attorney Dave Fischer, retained counsel

representing defendant Thomas Caldwell near the end of the status conference on March 4, 2022.  Attorney Fischer noted that nearly all defendants had retained counsel but inquired whether the Court would authorize CJA funds for the appointment of one or more additional attorneys to assist with managing the demands of discovery review and trial preparation for retained defendants, none of whom had the financial resources to employ additional legal assistance.[1]

The Court stated that because of the unique nature of this matter, it would be favorably disposed to such a request provided that the Federal Public Defender's Office was also agreeable.  The Court provided some limited guidance to Mr. Fisher as to how he, another lawyer, or the group, might make such a proposal.[2]  Several attorneys in this case met with the Federal Defender on or about March 8, 2022.  Undersigned counsel personally spoke with the Federal Defender shortly after Mr. Shipley's entrance in the case.

In his first email communication with the Undersigned Counsel, Mr. Shipley stated that he had been listening to the March 4 hearing on the public access line, and he proposed to the Undersigned Counsel that Mr. Minuta seek permission for the Undersigned Counsel to remain in the case in the manner described by the Court.  This was then discussed among group conferences of all defense counsel, with a consensus being that the effort should be pursued since the Undersigned Counsel already had a significant investment of time in understanding this case and preparing for trial, and that was an asset that could address the needs of all defendants as described to the Court by Mr. Fischer.

---

[1] See exhibit A Trans. pg. 48 (lines 12-19).
[2] See Exhibit A, Trans. pg. 49, (lines 1-19)



**CONCLUSION**

For the foregoing reasons, undersigned counsel respectfully requests that the court reconsider its decision denying undersigned counsel's request to remain in the case after June 8, 2022, and allow him to continue to represent Mr. Minuta.

Respectfully submitted,

*Alfred Guillaume*
_____
Alfred Guillaume III, #MD0085
Law Offices of Alfred Guillaume III
1350 Connecticut Ave. NW, Ste. 308
Washington, D.C. 20036
202-321-0549

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 29th day of April 2022, a copy of the foregoing Motion was served electronically to all parties of record, including to the Office of the United States Attorney for the District of Columbia.

_____
Alfred Guillaume III