## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Case No. 22-cr-15-APM** |
| | : | |
| **ELMER STEWART RHODES III,** | : | |
| **KELLY MEGGS,** | : | |
| **KENNETH HARRELSON,** | : | |
| **JESSICA WATKINS,** | : | |
| **ROBERTO MINUTA,** | : | |
| **JOSEPH HACKETT,** | : | |
| **DAVID MOERSCHEL,** | : | |
| **THOMAS CALDWELL, and** | : | |
| **EDWARD VALLEJO,** | : | |
| | : | |
| **Defendants.** | : | |

## GOVERNMENT'S REPLY TO DEFENDANT CALDWELL'S OPPOSITION
## TO GOVERNMENT'S MOTION *IN LIMINE*

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby replies to Defendant Caldwell's Opposition (ECF 222) to the Government's Motion in *Limine* to Exclude Certain Untimely and Irrelevant Testimony (ECF 214). Although the government's motion in *limine* covered multiple topics, Defendant Caldwell only opposed one subject area: exclusion of his alleged physical capacity. The government continues to oppose Defendant Caldwell's introduction of evidence regarding his physical health because it would tend to confuse the jury and is not relevant.

## BACKGROUND

On January 6, 2021, a Joint Session of the United States House of Representatives and the United States Senate convened to certify the vote of the Electoral College of the 2020 U.S. Presidential Election. While the certification process was proceeding, a large crowd gathered

outside the United States Capitol, entered the restricted grounds, and forced entry into the Capitol building. As a result, the Joint Session and the entire official proceeding of the Congress was halted until law enforcement was able to clear the Capitol of hundreds of unlawful occupants and ensure the safety of elected officials.

The Indictment alleges that the defendants joined and took acts in furtherance of a plot to oppose by force the authority of the Government of the United States and the execution of specific laws and provisions of the Constitution of the United States governing the transfer of presidential power following the 2020 election, including the January 6 attack on the Capitol. ECF No. 167. Based on this conduct, the defendants have been charged with seditious conspiracy, in violation of 18 U.S.C. § 2384; conspiracy to obstruct an official proceeding, in violation of 18 U.S.C. § 1512(k); obstruction of an official proceeding, in violation of 18 U.S.C. § 1512(c)(2); and conspiracy to prevent an officer from discharging any duties, in violation of 18 U.S.C. § 372. *Id.* Several defendants are additionally charged with destruction of government property and aiding and abetting, in violation of 18 U.S.C. §§ 1361, 2; civil disorder and aiding and abetting, in violation of 18 U.S.C. §§ 231(a)(3), 2; and tampering with documents or proceedings and aiding and abetting, in violation of 18 U.S.C. §§ 1512(c)(1), 2. *Id.*

Defendant Caldwell played a key role in the conspiracy. Prior to January 6, 2021, among other actions, Defendant Caldwell sought to organize a boat that would be available to transport firearms across the Potomac River into Washington, D.C. ECF 167 at 18. On January 6 itself, Defendant Caldwell marched from the Ellipse to the Capitol. Id. at 26. Upon arrival to the Capitol, Defendant Caldwell breached the restricted area of the Capitol grounds and climbed up through the scaffolding and stairs of the stage that was in place for the upcoming inauguration. Id.

Defendant Caldwell, without formal expert notice,[1] seeks to introduce medical records showing that (i) he has had numerous prior surgeries, (ii) was taking a prescription opioid "liberally," and (iii) that the Veteran's Administration had previously found that the defendant was "100% disabled." ECF 222 at 3-4.  These topics are irrelevant.

## ARGUMENT

For evidence to be relevant, it must have a "tendency to make a fact more or less probable than it would be without the evidence; and ... the fact is of consequence in determining the action." Fed. R. Evid. 401.  "[T]o discover the relevancy of an offered item of evidence one must first discover to what proposition it is supposed to be relevant." *United States v. Foster*, 986 F.2d 541, 545 (D.C. Cir. 1993) (quoting James, *Relevancy, Probability and the Law*, 29 Cal. L Rev. 689, 696 n. 15 (1941)).  Physical medical conditions are not relevant to determining whether Defendant Caldwell participated in the conspiracy.  Put simply, there is no physical fitness requirement to prove that Caldwell is guilty of the crimes alleged.

For comparison, in *United States v. Blaylock*, 20 F.3d 1458, 1462-63 (9th Cir. 1994), the court found that the defendant's medical records showing his leg injuries before he allegedly fled from police were relevant, because they tended to discredit the officers' testimony that he able to run away from the officers.  Contrast that with the charges here, none of which require Caldwell's physical presence in Washington, D.C., let alone his physical capabilities to perform any tasks on January 6.  For instance, medical records demonstrating that Caldwell had difficulty speaking or hearing, or using his hand or fingers to hold a telephone or type text messages, might be relevant

---

[1] On June 21, 2022, counsel for the defendant emailed the government and stated that he had "tentatively" lined up two of Defendant Caldwell's physicians as "potential expert witnesses." Although the defense has provided voluminous medical records for Defendant Caldwell, the government awaits notice about what "opinions" the expert witnesses would be providing or the experts' qualifications.

to show that he was unlikely to have been able to partake in the oral or written conversations that constituted the conspiracies. But medical records suggesting that he had difficulty walking are irrelevant to the charged crimes, and are thus irrelevant under Rule 401.

Non-expert testimony about "liberally" ingesting opioids or defendant Caldwell's disability status will only confuse the jury and prolong trial on an irrelevant issue. *Cf.* Fed. R. Evid. 403 (listing "confusing the issues" as one reason to exclude evidence, even if relevant). For example, if Defendant Caldwell is allowed to enter non-expert evidence regarding non-prescribed use of Opana, the jury may speculate how it affected his mental state or confused his thinking. If Defendant Caldwell is allowed to enter hearsay documents from the Veteran's Administration about a disability status, the jury will be left to speculate how the Veterans Administration came to that conclusion and may leave the jury with the impression that Defendant Caldwell was unable to perform basic functions of life.[2] Encouraging speculation on these points would be improper. *See United States v. Teffera,* 985 F.2d 1082, 1085 (D.C. Cir. 1993) ("A jury is entitled to draw a vast range of reasonable inferences from evidence, but may not base a verdict on

---

[2] The Veterans Administration disability ranking is a complicated analysis involving a veteran's ability to find employment, rather than his ability to perform daily functions. See https://www.benefits.va.gov/warms/docs/regs/38CFR/BOOKC/PART4/S4_1.doc ("Essentials in Evaluative Rating: This rating schedule is primarily a guide in the evaluation of disability resulting from all types of diseases and injuries encountered as a result of or incident to military service. The percentage ratings represent as far as can practicably be determined the average impairment in earning capacity resulting from such diseases and injuries and their residual conditions in civil occupations. Generally, the degrees of disability specified are considered adequate to compensate for considerable loss of working time from exacerbations or illnesses proportionate to the severity of the several grades of disability. For the application of this schedule, accurate and fully descriptive medical examinations are required, with emphasis upon the limitation of activity imposed by the disabling condition. Over a period of many years, a veteran's disability claim may require reratings in accordance with changes in laws, medical knowledge and his or her physical or mental condition. It is thus essential, both in the examination and in the evaluation of disability, that each disability be viewed in relation to its history.")

mere speculation."). For these reasons, even assuming, *arguendo*, that Defendant Caldwell's health history is relevant, it still fails admissibility under Federal Rule 403. The testimony would create substantial unfair prejudice against the government's case by districting the jury with irrelevant issues, rather than allowing the jury to focus on deciding facts relevant to the indictment.

As grounds for admission, Defendant Caldwell's claims that his "severely compromised health" will show that he did not intend to engage in violence, and that his status with the Veteran's Administration is relevant because it made him ineligible to be called upon as a militia member via the "Insurrection Act." Neither proffered basis for admissibility would make the testimony relevant. The government does not allege that Defendant Caldwell possessed physical abilities that the documents would refute. In addition, Defendant Caldwell is not able to connect the evidentiary chain between his disability status with the Veteran's Administration and a purported belief that President Trump would engage the Oath Keepers, which the defendant claims he was not a member of, in suppressing an insurrection. Accordingly, testimony about physical impairments, would only serve to confuse the jury and delay the proceedings, and for that reason, the Court should preclude any evidence about Defendant Caldwell's medical conditions.

## <u>CONCLUSION</u>

For the reasons set forth herein, the United States respectfully requests that this Court preclude improper argument concerning Defendant Caldwell's physical capacity.


Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052


By:      _____/s/_____
Louis Manzo
Special Assistant United States Attorney
Mass Bar 688337
601 D Street NW
Washington, DC 20530
Ahmed M. Baset
Troy A. Edwards, Jr.
Jeffrey S. Nestler
Kathryn L. Rakoczy
Assistant United States Attorneys


_____
Justin Sher
Alexandra Hughes
Trial Attorneys
National Security Division
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C. 20004