UNITED STATES DISTRICT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| ) | |
| **v.** ) | Case No. 22-cr-00015-APM |
| ) | |
| **STEWART RHODES, et. al.,** ) | |
| ) | |
| ) | |
| **Defendants** ) | |
| ) | |

# DEFENDANT ROBERTO MINUTA'S MOTION *IN LIMINE* NO. 2 --

# TO EXCLUDE 404(B) EVIDENCE AS NOTICED BY THE GOVERNMENT

William L. Shipley
PO Box 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com
*Attorney for Defendant*

1

NOW COMES Defendant Roberto Minuta, by and through his counsel of record, William L. Shipley, Esp., and respectfully request this Honorable Court issue an *in limine* Order precluding the Government from referencing during direct or cross-examination of any witness, or seeking to introduce other "bad act" evidence as set forth in the notice filed by the Government on October 17, 2022, ECF Doc. No. 374.

Federal Rule of Evidence 404(b)(1) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Michelson v. United States, 335 U.S. 469, 475–76, 69 S.Ct. 213, 218–19, 93 L.Ed. 168 (1948).

The Government has provided notice pursuant to the Rule with regard to historical matters involving Mr. Minuta alone, and involving Mr. Minuta and Mr. Stewart Rhodes that is not in any way connected to the allegations of the indictment.  The matters involve the following:

1. May 30, 2020 "Freedom Rally" in Newburgh, New York.

The Notice alleges that this event, and the proposed testimony/evidence concerning the event fall within Rule 404(b) because, "This evidence tends to prove and contextualize Minuta's relationship with the leader of the charged conspiracy, Stewart Rhodes, and the Oath Keepers, generally, and is thus intrinsic to the charged conspiracy."

What that sentence is supposed to mean is not explained.

It is black letter law that such evidence can only be admitted to show "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."

The closest the Government notice comes to making even an effort is to claim the events in Newburg, New York on Memorial Day Weekend 2020 are "inextricably intertwined" with the charged conspiracies.

The Government mixes together without rhyme or reason the concepts of "inextricably intertwined" 404(b) evidence and direct/circumstantial evidence of association between two alleged co-conspirators.  The events in Newburg, New York more than seven months prior to January 6 are not "inextricably intertwined" with alleged conspiracies charged in this case.  As conceptualized by the Government, the conspiracies in this case did not begin until after the November 2020 election.

The Government offers no evidentiary hypothesis as to why evidence of the events of May 30, 2000, support the idea that Mr. Minuta joined a conspiracy that didn't allegedly begin for another five months, and was not part of an uninterrupted string of events that were part of a common scheme, or for any other purpose pursuant to Rule 404(b).

The problem is, however, that the Government has already "given away the game."  At page 6, the Government writes:

> "Indeed, Minuta's acts provide evidence of his intent and state of mind when he involved himself with Rhodes and the Oath Keepers— *awash with an intent to defy what he viewed as a tyrannical government's unconstitutional acts*, the same intent and state of mind he is alleged to have had when he later joined Rhodes and others in a conspiracy to oppose the government of the United States by force.

3

According to the Government, committing a peaceful act of public protest and civil disobedience – advertised far and wide with advance notice given to public authorities and law enforcement -- is evidence of the same "intent" and "state of mind" as possessed by alleged seditious conspirators seeking to use force to overthrow a duly elected government.

The absurdity of that suggestion makes it hard to push through the inputs of a keyboard.  Civil Rights leaders of the past 75 years would turn over in their graves at such a suggestion by the "Department of Justice" in this case.

Rule 404(b)(1) states that "other crimes" evidence is not admissible to a show a defendant's character in order to show that he acted in accordance with the character in connection with the charged offense.  The government cannot string together enough case cites to cover-up the fact that this is their unstated purpose – to suggest to the jury that a willingness to defy a shutdown order in May of 2020 is evidence of a willingness to overthrow the Government by force in January 2021 – skipping over for a moment the fact that Mr. Minuta didn't bring anything from New Jersey to arm himself with.

United States v. Diaz, 608, 614-16 & n.2 (2nd Cir. 1989), cited by the Government, is not even a 404(b) case.  The evidence in question predated the beginning date of the charged conspiracy, but the Court noted that the indictment alleged that the conspiracy began "on or about" March 1, 1987, and the evidence at issue was from February 20, 1987.  Id., at 615, n.2.  More

significantly, the evidence was part of a continuing series of events that were all part of the charged conspiracy. The Second Circuit affirmed the admission of the evidence not on 404(b) grounds but simply because it was all relevant evidence to the conspiracy under Rule 401.

United States v. Bates, 600 F. 2d 505, 509 (5th Cir. 1979) – also cited by the Government – stands for a completely different proposition based on its facts, and the government's citation to the case borders on frivolous.

In Bates, three defendants were charged with a conspiracy lasting approximately two years. Id., at 508. Defendant Bates, however, was alleged to have joined the conspiracy more than five months after it had begun. Id., at 508-09. On appeal, Defendant Bates claimed that the evidence of overt acts by the other two co-conspirators that took place before he joined the conspiracy were "extraneous" and should not have been considered against him. Id., at 509.

As was true in Diaz, the Fifth Circuit said the evidence at issue was not covered by Rule 404(b). Id. ("The testimony was not evidence of other crimes committed by Bates himself.... Rather, the testimony was fully admissible evidence of the existence of an ongoing conspiracy as charged in the indictment. " Id.

Bates might have some utility in the case if the Government were to allege that the Freedom Rally in Newburgh, New York on May 30, 2020, was a "dry run" for the alleged efforts on January 6, 2021.

5

In United States v. McGill, 815 F.3d 846, 884 (D.C. Cir. 2016)[1] "Evidence of preconspiracy drug dealing was also admissible for the nonpropensity purpose of proving the relationships among coconspirators." But there is no factual dispute with respect to whether Mr. Minuta and Mr. Rhodes know each other. The trial will include a significant volume of evidence regarding their relationship and Mr. Minuta's membership in the Oath Keepers. To the extent there is any doubt, Mr. Minuta will stipulate to the relationship and that Mr. Rhodes visited him in Newburgh.

United States v. Burwell, 642 F.3d 1062 (D.C. Cir. 2011) was a RICO prosecution involving bank robberies and other criminal activity. The evidence in question was determined to be admissible not under Rule 40(b) – in fact, the D.C. Circuit held it was not proper 404(b) evidence. The evidence involved three carjackings, the theft of forty cars, and use of false names, and was admitted for a variety of purposes, "[I]ncluding the theory that it demonstrated Appellants' modus operandi and identities. We agree with Appellants that admission for either of those purposes was improper." Id. at 1066.

But the D.C. Circuit found the evidence was admissible to prove the "association in fact" element of the RICO conspiracy charge. Id. On that basis, admission of the evidence under a 404(b) rubric was not "error" as it was otherwise admissible evidence on an element of the charged offense.

---

[1] It is worth noting that the McGill Court held that no objection had been made during trial to the Rule 404(b) evidence therefore it would consider the claims with regard to that evidence only for "plain error." In addition, the Court found certain aspects of the preconspiracy drug dealing was admitted only to show "propensity" which is a prohibited purpose. "We note, though, that the district court also concluded that this evidence was admissible to show Seegers's "readiness and ability to join the conspiracy." J.A. 1341. That, however, is just forbidden propensity evidence by another name." McGill, 815 F.3d at 884.

6

The ulterior motive of the Government here is to paint Mr. Minuta as someone who was willing to agree to and participate in the conspiracies as charged in this case, based on an act of civil disobedience seven months earlier.  This is a classic and undeniable effort to use 404(b) as an avenue to prove "propensity" with "bad acts" evidence that has no relationship to the charged offenses.  On that basis, Defendant Roberto Minuta requests an *in limine* order precluding the Government from referencing or seeking to admit any evidence in its case-in-chief with respect to the "Freedom Rally" in Newburg, New York in late May, 2020.

Dated: November 7, 2022                             Respectfully submitted,

/s/ William L. Shipley
William L. Shipley, Jr., Esq.
PO BOX 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com

*Attorney for Defendant*