UNITED STATES DISTRICT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Case No. 22-cr-00015-APM |
| | ) |
| STEWART RHODES, et. al., | ) |
| | ) |
| Defendants | ) |

**DEFENDANT ROBERTO MINUTA'S MOTION *IN LIMINE* TO PRECLUDE ADMISSION UNDER RULE 801(D)(2)(E) OF STATEMENTS BY THOMAS CALDWELL**

William L. Shipley
PO Box 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com
*Attorney for Defendant*

1

Defendant Roberto Minuta, through his Counsel of Record William L. Shipley, hereby respectfully moves this Court to preclude the admission of hearsay statements of Thomas Caldwell.

Given that Thomas Caldwell was acquitted on each of the conspiracy counts with which he was charged, the Government should not be allowed to rely on Rule 801(d)(2)(E) to admit out of court statements made by Mr. Caldwell on the basis that he was a "co-conspirator."

While it is true that a "not guilty" verdict is measured against the very high standard which the government must reach to obtain a conviction, and the standard for establishing the basis for admission of statements under 801(d)(2)(E) is the lower "preponderance of evidence" standard, that juxtaposition leaves out a crucial variable out of the calculation.

Rather than the requisite finding being made based upon a government proffer and/or evidence admitted during the Government case-in-chief during the course of the trial, the circumstance now before the Court is that it has heard an entire trial record of evidence from both the Government and Defendant Caldwell with regard to his lack of a substantive connection to the charged conspiracies.

The Government acknowledged, via Agent Palian, that there was no evidence of communication between Rhodes and Caldwell after November 19, 2020, as Caldwell was never on any of the myriad of Signal chat's that Rhodes

2

used to communicate with various groups of Oath Keepers as designated by him.

The Government's witnesses further conceded that there was no evidence of communications between Caldwell and the group of Oath Keepers from Florida led by Defendant Kelly Meggs.

The only Oath Keeper with whom Mr. Caldwell maintained communication after mid-November was Paul Stamey from North Carolina, who he had met when Stamey and other North Carolina Oath Keepers stayed at his farm on the nights of November 13 and 14, 2020, in connection with the "Million Man March."

But as it set forth in the just-filed Motion in Limine regarding the North Carolina Chapter, those individuals had broken off their relationship with Rhodes and the National Organization after the discord that developed in the aftermath of the November 14, 2020 event.

The Government offered no evidence contradicting that testimony.

So, if Caldwell's only continuing communication with Oath Keepers after mid-November 2020 was with the North Carolina group, and that group had disassociated themselves from Rhodes and the national organization, there is no evidence upon which to support a claim that Thomas Caldwell was a co-conspirator in any "Rhodes Plan" after mid-November 2020 – if he ever was. But, the proverbial "icing on the cake" came near the end of Agent Palian's testimony in his effort explain the errors made with regard to conclusions drawn about Mr. Caldwell in the days and weeks following January 6. Agent

Palian explained that those errors were largely the result of accepting the literal truth with regard to things Mr. Caldwell had written in his communications with others. In fact, Agent Palian said it was Mr. Caldwell's "lies" which led him to form incorrect conclusions about Mr. Caldwell's role and participation.

Even the Court made the observation that there seemed to be disconnect between things Mr. Caldwell would say/write and his actual actions.

Based on the totality of the record made in the trial of Mr. Caldwell and his co-defendants, and the jury's acquittal of Mr. Caldwell on the counts charging him with being a conspirator, Defendant Roberto Minuta moves this Court to preclude the Government from admitting any extra-judicial statements made by Mr. Caldwell from being admitted pursuant to Rule 801(d)(2)(E).

Dated: December 11, 2022

Respectfully submitted,

/s/ William L. Shipley
William L. Shipley, Jr., Esq.
PO BOX 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com

*Attorney for Defendant*