UNITED STATES DISTRICT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 22-cr-00015-APM |
| ) | |
| STEWART RHODES, et. al., ) | |
| ) | |
| Defendants ) | |

**REQUEST BY DEFENDANT ROBERTO MINUTA FOR APPLICATION OF RULE 106 PURSUANT TO THE TEXT OF THE RULE.**

William L. Shipley
PO Box 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com
*Attorney for Defendant*

1

Defendant Roberto Minuta, on behalf of himself and co-Defendants Joseph Hackett, Robert Moerschel, and Edward Vallejo, respectfully moves this Court to order immediate compliance by the Government with Federal Rule of Evidence 106 at the time the Government seeks to admit documentary evidence.

The text of Rule 106 reads:

> If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, **at that time**, of any other part — or any other writing or recorded statement — that in fairness ought to be considered at the same time. [Emphasis added.]

The text of the Rule contemplates immediate action by the Court of a request by the adverse party – in this case the Defendants – to determine whether submission of the Government's proffered exhibit, without additional material, results in the kind of unfairness which the Rule seeks to avoid.

The Commentary to the Rule provides further explanation:

> The rule is based on two considerations. The first is the misleading impression created by taking matters out of context. **The second is the inadequacy of repair work when delayed to a point later in the trial**. See McCormick §56; California Evidence Code §356. The rule does not in any way circumscribe the right of the adversary to develop the matter on cross-examination or as part of his own case. [Emphasis added.]

At the close of the day on Friday, December 16, 2022, the Government sought to admit a written message during re-direct examination of Agent Harris. One defendant requested the opportunity to re-cross Agent Harris on that particular exhibit, and also requested that other written messages in the same string of messages be admitted pursuant Rule 106.

2

The Court denied the request to re-cross or failed to address a request to consider admission of other messages.

> MR. PEED: Your Honor, right after the message that was introduced now to show a plan, there are several messages where people in the chat are asking, are those patriots, what are they doing, who's storming what building. So I think a brief recross to read those messages would be in order.
>
> THE COURT: No. You'll have plenty of opportunity to put those messages in front of the jury. It's a long trial. You'll have plenty of opportunity to put those messages in.

This is the precise circumstance contemplated by the Rule, and compliance with the Rule should have included the Court determining whether allowing the Government exhibit into evidence without the requested supplemental material resulted in a "misleading impression". The Commentary specifically recognizes the inadequacy of repairing the matter at some later point in the trial as suggested by the Court's comment.

Contrary to suggestions made by Government counsel, the supplemental material is not considered to be defense exhibits. The purpose of the Rule is to insure that a Government exhibit is not misleading by virtue of the selective excising of text by the Government in creating the exhibit – a problematical issue of some significance in this case given the manner in which the Government has assembled "exhibits" by taking writings from disparate sources and combining them together into one "exhibit".

It is not possible to correct the issue from the close of the previous session. But all Defendants request that should this matter arise again over the course of the trial that requests by any Defendant to seek to apply Rule 106

3

be addressed at the time the Government seeks to introduce the offending exhibit, and that any remedy required by Rule 106 be applied at the time the Exhibit is admitted as contemplated by the Rule.

Dated: December 19, 2022                            Respectfully submitted,

                                        /s/ William L. Shipley
                                        William L. Shipley, Jr., Esq.
                                        PO BOX 745
                                        Kailua, Hawaii 96734
                                        Tel: (808) 228-1341
                                        Email: 808Shipleylaw@gmail.com

                                        *Attorney for Defendant*