UNITED STATES DISTRICT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| ) | |
| **v.** ) | Case No. 22-cr-00015-APM |
| ) | |
| **STEWART RHODES, et. al.,** ) | |
| ) | |
| ) | |
| **Defendants** ) | |
| ) | |

**DEFENDANT ROBERTO MINUTA'S MOTIONS FOR A JUDGMENT OF
ACQUITAL OR NEW TRIAL PURSUANT TO
FED.R.CRIM.PROC. Rules 29 & 33**

William L. Shipley
PO Box 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com
*Attorney for Defendant*

1

NOW COMES Defendant Roberto Minuta by and through his counsel of record, William L. Shipley, Esp., and moves this Honorable Court for a judgment of acquittal pursuant to Federal Rules of Criminal Procedure 29 and for a new trial pursuant Federal Rules of Criminal Procedure 33.

On January 23, 2023, Defendant Minuta was found guilty by a jury of Count (1) Seditious Conspiracy, Count (2) Conspiracy to Obstruct an Official Proceeding, Count (3) Obstruction of an Official Proceeding, and Count (4) Conspiracy to Prevent Members of Congress from Discharging Their Duties. *See* EFC No.450.

Defendant Minuta challenges his convictions as to Counts 1, 2, 3, and 4 on as the following:

1. The verdict as to (1) Seditious Conspiracy, Count (2) Conspiracy to Obstruct an Official Proceeding, Count (3) Obstruction of an Official Proceeding, and Count (4) Conspiracy to Prevent Members of Congress from Discharging Their Duties was unsupported by sufficient evidence to legally sustain convictions beyond a reasonable doubt.

2. The verdict as to Counts (1) Seditious Conspiracy, Count (2) Conspiracy to Obstruct an Official Proceeding, Count (3) Obstruction of an Official Proceeding, and Count (4) Conspiracy to Prevent Members of Congress from Discharging Their Duties were against the weight of the evidence.

**Legal Standard**

Under Rule 33 of the Federal Rule of Criminal Procedure, the Court "may vacate any judgment and grant a new trial if the interest of justice so requires." Pursuant to Rule 33(a): "[T]he evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand . . . [.] This power should be . . . invoked only in those exceptional cases in which the evidence weighs heavily against the verdict." United States v. Howard, 245 F. Supp. 2d 24, 30 (D.D.C. 2003) (*quoting* United States v. Edmonds, 765 F. Supp. 1112, 1118 (D.D.C. 1991)). Moreover, a new trial should be allowed "only if the defendant has shown that the error . . . affected the defendant's substantial rights." United States v. Williams, 825 F. Supp. 2d 128, 132 (D.D.C. 2011).

Under Rule 29(c) of the Federal Rules of Criminal Procedure, a defendant may renew a motion for a judgment of acquittal after a guilty verdict has been rendered. United States v. Williamson, 81 F. Supp. 3d 85, 89 (D.D.C. 2015) "When a reasonable mind might fairly have a reasonable doubt of guilt or might fairly have none, the decision is for the jurors to make." United States v. Herron, 567 F.2d 510, 514 (D.C.Cir.1977). In other words, a judgment of acquittal is warranted "when there is no evidence upon which a reasonable mind might find guilt beyond a reasonable doubt." United States v. Byfield, 928 F.2d 1163, 1165 (D.C.Cir.1991) (quoting United States v. Hernandez, 780 F.2d 113, 120 (D.C.Cir.1986)).

**Defendant Minuta Supplement**

Pursuant to Rules 29 and 33 of the Federal Rules of Criminal Procedure, a Defendant must move for a judgment of acquittal and/or a new trial no later than 14 days after the rendering of a jury verdict. Defendant Minuta files this motion as to preserve such right; however, this motion will be supplemented with further factual and legal bases pursuant to the briefing schedule as set by this Court. *See* EFC No. 467.

Dated: February 3, 2023                    Respectfully submitted,

/s/ William L. Shipley
William L. Shipley, Jr., Esq.
PO BOX 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com

*Attorney for Defendant*