**UNITED STATES DISTRICT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **Case No. 22-cr-00015-APM** |
| | ) | |
| **STEWART RHODES, et. al.,** | ) | |
| | ) | |
| | ) | |
| **Defendants** | ) | |
| | ) | |

**DEFENDANT ROBERTO MINUTA'S MOTION TO**
**MODIFY CONDITIONS OF RELEASE**

William L. Shipley
PO Box 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com
*Attorney for Defendant*

NOW COMES Defendant Roberto Minuta by and through his counsel of record, William L. Shipley, Esp., and respectfully requests this Honorable Court to modify his conditions of release.

On January 23, 2023, Defendant Minuta was found guilty by a jury of Seditious Conspiracy, Conspiracy to Obstruct an Official Proceeding, Obstruction of an Official Proceeding, and Conspiracy to Prevent Members of Congress from Discharging Their Duties.  *See* EFC No.450.

The Court allowed Defendant Minuta to remain on release status pending sentencing, but modified Defendant Minuta's conditions of release to match the most restrictive conditions imposed on his co-defendants, including home-incarceration and "not have any access to computers, smartphones, tablets, or any device that would allow him to communicate through either encrypted or non-encrypted applications."  *See* EFC No. 452.

As the Court is aware from the trial record, Defendant Minuta was not an active user of encrypted messaging applications – he is only listed as a participant in one of the dozens of Signal chat groups, and only had 1-2 messages in that group which were nothing more than introducing himself to the others.

As the Court is also aware from the trial record, Defendant Minuta was "gifted" his lifetime membership in the Oath Keeper organization in exchange for the "We The People" tattoo he gave to Defendant Stewart Rhodes.  While one Signal message from Rhodes called Defendant Minuta a "leader" of the New York chapter of the Oath Keepers, the FBI witnesses admitted there was no such chapter, and Minuta was not a member of any identifiable state chapter

2

of the Oath Keepers – so, as argued in closing – he was apparently the "leader" of a "chapter" consisting of only himself.

The restriction on internet access has caused significant difficulty for Defendant Minuta and undersigned counsel who lives and works in Hawaii as the Court is aware.  The inability to communicate via email, exchanging documents, transcripts and evidence back-and-forth has hampered the preparation of post-trial motions, as well as for his upcoming sentencing.  The Court now knows how extensive these legal matters are going to be from a "global perspective" with the involvement of all the convicted defendants across the three trials to date.  Defendant Minuta and his counsel are navigating the exchange of thousands of pages of records while having the "no internet" access restriction.

Undersigned counsel is aware that internet and cell phone monitoring software programs exist and are used by Probation and Pretrial Services for situations such as this.  Those programs would alert Pretrial Services if prohibited internet use was engaged in by an individual on pretrial or supervised release.  A condition prohibiting the downloading or use of any program or application that allows encrypted communications would provide the protection that seems to be the subject of concern – particularly given the lack of any history by Defendant Minuta in using such types of communications during the course of the charged conspiracies.

The Bail Reform Act directs a Court to impose the "least restrictive" conditions or combination of conditions to meet the purposes of the statute. With respect to Defendant Minuta specifically, the prohibition on internet

access via a computer or cellular telephone is more than is necessary given the factual record developed at trial with respect to him.

Further, Defendant Minuta has been on Pretrial Release status since March 2021.  He has made every appearance as required, and was in Court each day of trial.  He has not had a single violation of any term and condition of his Pretrial Release.  At the time the conditions were imposed, as part of his compliance with those conditions, he sold every firearm he owned even though he was not obligated to do so in order to comply with the "shall not possess" condition.  On this basis, Defendant Minuta requests that the "home incarceration" provision be modified, and that he be placed on "home detention" with GPS monitoring and be allowed to leave his residence for employment or other purposes with the permission of his Pretrial Services Officer.

Wherefore, Defendant Minuta respectfully requests this Honorable Court to amend its January 23, 2023, order setting Defending Minuta's conditions of

release as requested herein.

Dated: April 1, 2023                         Respectfully submitted,

                                             /s/ William L. Shipley
                                             William L. Shipley, Jr., Esq.
                                             PO BOX 745

Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com

*Attorney for Defendant*