IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 22-cr-15 (APM) |
| | : | |
| ROBERTO MINUTA, | : | |
| JOSEPH HACKETT, | : | |
| DAVID MOERSCHEL, and | : | |
| EDWARD VALLEJO, | : | |
| | : | |
| Defendants. | : | |

**GOVERNMENT'S SURREPLY TO
DEFENDANT VALLEJO'S MOTIONS FOR ACQUITTAL AND NEW TRIAL**

A new trial is not warranted for defendant Edward Vallejo under Rule 33 of the Federal Rules of Criminal Procedure.

Defendant Vallejo moves for the first time in his reply brief for a new trial pursuant to Rule 33, highlighting that "another jury found that the government failed to prove that Michael Greene, the operational leader for the January 5-6 operations, conspired to interrupt the certification proceeding." ECF 536 at 19. In light of Greene's acquittal, defendant Vallejo requests a new trial focused on "the nuances of his individual innocence or guilt unchained by codefendants who undeniably entered the Capitol, with the ability to call Greene unconcerned about impeachment from a pending criminal case." *Id*. at 20. None of these arguments is appropriate.

*First*, that another jury acquitted a different defendant in a separate trial is not relevant to a Rule 33 motion. In determining whether a new trial is warranted based on the "weight of the evidence," as defendant Vallejo argued here, the Court is confined to the trial record at hand. In fact, defendant Vallejo's own cited cases make clear that the Court has discretion under Rule 33 "to make its own judgment about whether the verdict is just *in light of the evidence adduced at trial*." *United States v. Wilkerson*, 66 F. Supp. 2d 22, 28 (D.D.C. 2009) (emphasis added); *Tibbs*

*v. Florida*, 457 U.S. 31 (1982) (concluding that the Double Jeopardy Clause does not preclude the government from retrying a defendant who successfully overturns a conviction on appeal based on the "weight of the evidence" presented at trial); *see also United States v. Johnson*, No. 15-CR-125 (KBJ), 2019 WL 3842082, at *2 (D.D.C. Aug. 15, 2019), *aff'd in part, remanded in part on other grounds*, 4 F.4th 116 (D.C. Cir. 2021) ("In considering a motion for a new trial, this Court sits as a 'thirteenth juror,' and thus may weigh the evidence and consider witness credibility *in light of its observations during the trial*.") (emphasis added).  And this limiting principle makes sense.  The Supreme Court has described this analysis as the court sitting "as a 'thirteenth juror.'" *Tibbs*, 457 U.S. at 42.  No juror sitting in defendant Vallejo's trial would have access to the verdict of a separate defendant that occurred later in time or any evidence adduced at that trial.

In any event, the evidence of defendant Vallejo's guilt—including his communications with co-conspirators Stewart Rhodes, Kelly Meggs, and others both directly and on the "DC OP: Jan 6 21" Signal chat; his statements with co-conspirator Todd Kandaris in the lead up to and on January 6; and his actions traveling from Arizona to the Washington, D.C. area with rifles—is separate and apart from the question of whether Michael Greene, who became the operations leader on January 6 after Rhodes's original leader became ill, conspired to obstruct the proceeding on January 6 with Rhodes and others.  As the Court noted, in determining the admissibility of certain evidence regarding co-conspirator Thomas Caldwell after a separate jury acquitted him of a conspiracy charge, the jury's verdict simply means that it did not find beyond a reasonable doubt that he was guilty of a conspiracy offense; it does not negate, for example, the Court's findings by a preponderance of the evidence that he participated in the conspiracy offenses.  *See, e.g.*, 12/12/22 Trial Transcript ("Tr.") at 857-860 (citing *United States v. Cravero*, 545 F.2d 406 (5th Cir. 1976); *United States v. Todd*, 920 F.2d 399 (6th Cir. 1990)).  Another jury's acquittal says nothing about

the strength of the government's evidence of the conspiracy offenses with which defendant Vallejo was convicted, and certainly does not warrant upending a guilty conviction for a new trial.

Defendant Vallejo failed to note multiple courts' admonition that reversing a jury's verdict on "weight of the evidence" grounds should happen rarely. "This second-guessing 'discretion should be exercised sparingly,'" *Wilkerson*, 656 F. Supp. 2d at 28 (quoting *United States v. Sanchez*, 969 F.2d 1409, 1414 (2d Cir. 1992)), and be "limited to situations presenting 'a serious danger that a miscarriage of justice has occurred—that is, that an innocent person has been convicted,'" *id*. (quoting *United States v. Morales*, 902 F.2d 604, 606 (7th Cir. 1990)). Indeed, "[w]here a new trial motion is based upon the weight of the evidence, the court may not order a new trial unless it is quite clear that the jury has reached a seriously erroneous result." *Id*. (quoting *United States v. Ruiz*, 105 F.3d 1492, 1501 (1st Cir. 1997)); *United States v. Wheeler*, 753 F.3d 200, 208 (D.C. Cir. 2014) (quoting *United States v. Rogers*, 918 F.2d 207, 213 (D.C. Cir. 1990)) ("[G]ranting a new trial motion is warranted only in those limited circumstances where 'a serious miscarriage of justice may have occurred.'"). A jury found defendant Vallejo guilty of joining the charged conspiracies, that verdict is supported by ample evidence introduced during his trial, and that verdict is not a "serious miscarriage of justice." Even if the Court considered Greene's verdict, and it should not, defendant Vallejo is not an "innocent person that has been convicted" simply because another member of the conspiracy was later acquitted of a conspiracy charge.

In sum, Michael Greene's acquittal of conspiracy in a different trial should not factually, and cannot legally, bear on defendant Vallejo's guilty convictions in his own trial.

*Second*, and relatedly, defendant Vallejo's assertion that he requires a chance to call Michael Greene as a witness unencumbered by impeachment concerns is devoid of any details about his attempts to call Greene during his trial in the first instant. Defendant Vallejo makes no

representation that he tried to call Greene as a witness or that Greene refused to testify based on impeachment concerns.  In fact, at the time of defendant Vallejo's trial, Greene had already testified once before on behalf of others in *United States v. Rhodes, et al.*, Case No. 22-cr-15, during the fall 2022 trial, despite having pending criminal charges against him.  11/09/22 AM and PM Trs. 7905-8129.  While Vallejo claims that he is in a "unique position," ECF 536 at 2, among the co-conspirators, because, among other reasons, he did not enter the Capitol, a jury convicted Rhodes of seditious conspiracy and other charges without having entered the Capitol in a trial in which Greene testified on Rhodes's behalf.  Indeed, despite having access to a transcript of Greene's testimony in both trials at which he testified, defendant Vallejo fails to point to any particular testimony from Greene which exculpates *him*.

*Third*, defendant Vallejo's claim that a new trial is warranted to focus only on the "nuances" of his own guilt is contrary to trials involving conspiracy charges and admissible evidence related to co-conspirator statements and actions.  As the government noted in its opposition to defendant Minuta's same argument, the makeup of defendant Vallejo's trial has no bearing on the "fundamental fairness" of his trial when he was tried with co-defendants from the same indictment, charged in the same conspiracies, and who all ultimately acted together on January 6.  That defendant Vallejo may not have known his co-defendants or that they "undeniably entered the Capitol," is of no moment; the Court appropriately instructed the jury that "the defendant need not know the full extent of the conspiracy or all of the activities of all of its participants" and "[i]t is not necessary for the defendant to know every other member of the conspiracy." *Final Jury Instructions*, at 19.  And defendant Vallejo had the opportunity to, and did, argue for limiting instructions as to evidence that only pertained to particular defendants and not all of the co-conspirators.  *See Final Jury Instructions*, at 10 (limiting the jury's consideration

4

of certain evidence to only Joseph Hackett, and *not* Edward Vallejo). He does not point to any evidence to which he objected or for which he inappropriately or unlawfully failed to receive a limiting instruction.

It is the defendant's burden to "overcome [the] strong presumption . . . in favor of upholding the jury verdict." *Rogers*, 918 F.2d at 213 (cleaned up). Defendant Vallejo's reliance on another trial and passing reference to "other weaknesses in the government's case," ECF 536 at 20, fail to overcome that weighty presumption.

WHEREFORE, the Court should deny defendant Edward Vallejo's motion for a new trial under Rule 33.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

By: _____
Troy A. Edwards, Jr.
Assistant United States Attorney
NY Bar No. 5453741
Alexandra Hughes
Jeffrey S. Nestler
Kathryn L. Rakoczy
Assistant United States Attorneys
Louis Manzo
Trial Attorney, U.S. Department of Justice

5