UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| ) | |
| **v.** ) | Case No. 22-cr-00015 |
| ) | |
| **ROBERTO MINUTA** ) | |
| ) | |
| ) | |
| **Defendant** ) | |
| ) | |

**MOTION FOR CONTINUED RELEASE FROM CUSTODY PENDING APPEAL**

William L. Shipley
PO Box 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com
Attorney for Defendant

COMES NOW Defendant Roberto Minuta, through his counsel of record William L. Shipley, and hereby moves this Honorable Court for an Order pursuant to 18 U.S.C. Sec. 1343(b) allowing him to remain on conditions of release pending appeal in accordance with the provisions of Sec. 3142(c).

Section 3143(b)(1) provides:

> (1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—
>
>> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>>
>> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
>>
>>> (i) reversal,
>>>
>>> (ii) an order for a new trial,
>>>
>>> (iii) a sentence that does not include a term of imprisonment, or
>>>
>>> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.
>
> If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c)....

Between the date of his arrest on March 14, 2021, and the return of the jury's verdict on January 23, 2023, Mr. Minuta was released on standard terms and conditions of pretrial release. There were no reported violations by Mr. Minuta of the terms and conditions of his release either before or during

trial. Mr. Minuta was present (via videoconference) for all of the numerous pretrial hearings and was personally present in court for every day of the trial spanning a period of more than 8 calendar weeks.

Following the jury's verdict, the Court allowed Mr. Minuta to remain released pending sentencing pursuant to 18 U.S.C. Sec. 3143(a), while adding the additional condition of "home incarceration." During the 18 weeks between the jury verdict and his sentencing, there were no reported violations by Mr. Minuta of his conditions of release.

Based on that record, there is no factual basis to determine that Mr. Minuta is more of a flight risk or danger to the community now than he was on the date of the jury's verdict.

Given that the custodial sentence of 54 months imposed is less than the sentencing range recommended under the Sentencing Guidelines, Mr. Minuta is less of a flight risk now than he might have been considered to be following the verdict, the final PSR, and the Government's request for a sentence of 204 months which Mr. Minuta was aware of for approximately 30 days prior to the date of his sentencing.

Further, at the time the Court imposed the additional condition of "home incarceration" to reflect the seriousness of the crimes for which he was convicted by the jury, the Court did not have the benefit of additional information about Mr. Minuta's history and personal characteristics. The Court acknowledged during the sentencing hearing that information it learned for the first time through the PSR and Mr. Minuta's allocution provided meaningful context to Mr. Minuta's actions before and on January 6 –

particularly his recorded comments that were used as evidence in the Government's case. The addition of this information provided a backdrop for Mr. Minuta's frustrations that were reflected in his recorded videos prior to January 6, and the comments/tirades he directed at law enforcement officers on January 6.

Based on the Court's more complete view of Mr. Minuta and his pre-January 6 history – as well as a better understanding of his limited historical relationship with Defendant Rhodes and the Oath Keeper organization -- the record is clear that he does not represent a "danger to the community" that cannot be mitigated by conditions of release pending appeal.

Further, Mr. Minuta's request fits within the statutory factors that justify granting this motion.

The two Oath Keepers trials in Case No. 22-cr--00015 involved <u>many</u> novel questions of law and fact, and in many respects constituted a "first-of-its-kind" prosecution by the Department of Justice under 18 U.S.C Sections 2384 and 1512(c) and (k).

"Substantial questions of law and fact" will be at issue on appeal, including whether Sec. 2384 was legally applicable to the facts as alleged by the Government in its pretrial arguments. These questions involve novel issues of statutory construction and interpretation, including definitions of both individual words in the statute as well as "terms of art" as they were used by the drafters of the statute more than 170 years ago. These questions, along with some others listed below will be subject to *de novo* review on appeal.

Further, appellate issues will concern whether the Government's evidence at trial was legally sufficient to satisfy each of the elements of Sec. 2384, as well as the content of the instructions given to the jury with regard to the elements of the offenses and definitions of the words and phrases in the statutes.

In addition, issues on appeal will include questions regarding the language of Sec. 1512(c)(2) and the interplay of the language with the language of Sec. 1512(c)(1). These issues will present questions of statutory construction and interpretation subject to *de novo* review. Further, the recent Fischer decision from the Circuit Court of Appeals has introduced a potential issue regarding the meaning of the term "corruptly" as used in Section 1512(c), and whether within the context of these cases the term "corruptly" has a different meaning than might be the case in other statutory contexts.

A question of law was raised pretrial with respect to whether members of Congress are included within the definition of "officers" of the United States as that term is used in 18 U.S.C. Sec. 372. Like the two issues listed above, this is also a question of statutory interpretation that is subject to de novo review on appeal.

Further, numerous issues and objections were raised prior to and during the course of the trial with regard to the admission evidence during the Government's case-in-chief. The District Court was diligent and deliberate in its consideration and decision-making on the disputed issues. Many of these issues are subject to review for "harmless error" or "abuse of discretion." In addition to raising a number of such issues individually, Mr. Minuta will also

raise on appeal whether "cumulative error" was such that a new trial is required.

Finally, a matter of significant dispute between the parties at sentencing was the application of separate +8 and +3 level enhancements under U.S.S.G. Sec. 2J1.2(b)(1)(B) and (c).  The application of both enhancements turns on the interpretation of the phrase "administration of justice" as used in both Guideline provisions.  There is a split among the Judges in this District Court as to whether this phrase incorporates congressional proceedings such as those that the gravamen of the charged offenses within the historical term of art "administration of justice."

Mr. Minuta acknowledges that the Court imposed a "below guideline" sentence, that the application of those 11 levels might be deemed "harmless error" in light of the sentence actually imposed, and that the Court could still impose a sentence of 54 months even if the 11 levels are later removed because such a sentence would still be less than the statutory maximum.

At sentencing the Court calculated Mr. Minuta's Adjusted Offense Level -- with the +11 levels of enhancements -- as 28 and the recommended sentencing range was 78 to 97 months.

Without the enhancements, the Adjusted Offense Level would be 17 and the recommended guideline range would fall to 24-30 months – roughly half of the sentence imposed.

Whether the Court would impose a sentence below 54 months if Mr. Minuta's appeal is successful is a matter of speculation that should wait for the process to play itself out.

CONCLUSION

Based on the foregoing, Defendant Roberto Minuta requests that the Court enter an Order that he remain out of custody on terms of release in accordance with 18 U.S.C. Sec. 3143(c) pending the filing of his appeal and a decision by the Circuit Court of Appeals on the issues raised.

Date: June 23, 2023                                         Respectfully Submitted,

/s/ William L. Shipley
William L. Shipley
PO Box 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com

*Attorney for Defendant*