UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | Case No. 22-cr-00015 |
| ) | |
| ROBERTO MINUTA ) | |
| ) | |
| ) | |
| Defendant ) | |
| ) | |

**REPLY MEMORANDUM IN SUPPORT OF MOTION FOR CONTINUED**

**RELEASE FROM CUSTODY PENDING APPEAL**

William L. Shipley
PO Box 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com
Attorney for Defendant

COMES NOW Defendant Roberto Minuta, through his counsel of record William L. Shipley, and hereby respectfully submits this Reply Memorandum in Support of his Motion pursuant to 18 U.S.C. Sec. 1343(b) to remain on conditions of release pending appeal.

The Government concedes that the Court has already determined that Mr. Minuta does not represent a flight risk or danger to the community by clear and convincing evidence.

The only question before the Court then is whether Mr. Minuta's case falls within the statutory class of cases where the appeal is not for the purpose of delay, and raises a substantial question of law or fact likely to result in (i) reversal or (ii) an order for a new trial.

In United States v. Adams, 200 F.Supp. 3rd 141, 144 (D.D.C. 2016) the now Chief Judge, when considering the controlling precedent in this Circuit on this issue, wrote the following:

> An analysis of that subsection is generally construed as a dual inquiry: (1) Does the appeal raise a substantial question of law or fact? (2) If so, would the resolution of that question in Defendant's favor be likely to lead to any of the results listed above? See United States v. Perholtz, 836 F.2d 554, 555 (D.C. Cir. 1988) (per curiam). As the government concedes the second prong, the Court's focus is on the first.
>
> In determining whether Defendant has raised a substantial question, the Court keeps in mind that there is a presumption of a valid conviction when assessing motions for release pending direct appeal. See id. at 556. Defendant bears the burden of rebutting this presumption. United States v. Libby, 498 F. Supp. 2d 1, 3 (D.D.C. 2007); see also United States v. Shoffner, 791 F.2d 586, 589 (7th Cir. 1986) (finding defendant must "demonstrate that he has a substantial question to present [on appeal] before he may be admitted to bail"). To determine whether a substantial question exists, the Court must inquire whether the defendant has raised an issue that is "a close question or one that very well could have been decided the other way." Perholtz, 836 F.2d at 555 (finding that "close question" standard is "more demanding" than one that requires

the inquiry to be "fairly debatable," "fairly doubtful," or simply "not frivolous").

As noted in the issues listed below, there are numerous questions of law that arose during the pendency of this case. Both sides hotly contested the outcome of those questions because of the significant impact they would have on the nature of the evidenced and the instructions that would be given to the jury. Oftentimes there was scant case law available to guide this Court in reaching its decision.

Some questions were resolved based on competing dictionary definitions going back a hundred years or more in an effort to devise the meanings of words and phrases used when the statutory language was adopted. Whether that was the correct approach, or the most appropriate definitions would up being used, are questions that will be revisited *de novo* at the appellate level.

More than one of issues below are already the subject of disagreement among jurists in this District and Circuit. Such disagreements establish on a *prima facia* basis that such issues present "close questions" that could be decided the other way upon further review.

There are many substantial questions of law that will be advanced on appeal by Mr. Minuta. Questions of law are reviewed de novo. Success on any one of the several listed issues would likely result in a reversal or new trial given the prejudice that would be manifest by a finding of such an error in the trial court given the nature of the case.

1. Whether 18 U.S.C. Sec. 2384 is unconstitutionally vague as applied in this case.

2. Whether the Government impermissibly created a material variance with the evidence at trial from the nature and scope of the conspiratorial agreements charged.

3. Whether, as a matter of law, the phrase "to oppose by force the authority" of the government could properly be interpreted to include an agreement to trespass unarmed into the Capitol of the United States with the intent to interrupt proceedings taking place therein.

4. Whether, as a matter of law, the "lawful transfer of power" that occurs by operation of law on January 20 following an election year fell within the meaning of the phrase "execution of the laws of the United States" as that phrase is used in Sec. 2384.

5. Whether, as a matter of law, he Congressional proceedings occurring pursuant to Twelfth Amendment and 15 U.S.C. Sec. 3 involve the "lawful transfer of power" or otherwise constituted the "execution of the laws of the United States" as that phrase is used in Sec. 2384.

6. Whether, as a matter of law, the unarmed entry into the Capitol with an intent to interrupt proceedings taking place therein was conduct "resisting a positive assertion of authority by the government" as required by case law interpreting Sec. 2384.

7. Whether, as a matter of law, the Defendant's First Amendment right to protest and/or petition the Government for redress of grievances was infringed by the manner in which the Government made use of his political

speech he engaged in both before and on January 6 as evidence in this case, in the context of the events of January 6 being a unique and never before experienced event.

8. Whether, as a matter of law, the Congressional activities taking place on January 6 following a Presidential election are an "official proceeding" as that phrase is used in 18 U.S.C. Sec. 1512(c)(2).

9. What proof is required under Section 1512(c)(2) to establish that otherwise obstructive conduct was undertaken with the requisite *mens rea* to establish a defendant acted "corruptly"?

10. Whether, as a matter of law, members of Congress are "officers" of the United States as that term is used in 18 U.S.C. Sec. 372.

11. Whether, as a matter of law, the phrase "administration of justice" as used in Guideline Section 2J1.2(b) and (c) includes a congressional proceeding such as that which took place on January 6.

In addition to these questions of law, there are numerous procedural and evidentiary issues that will be raised on appeal, particularly with regard to the Government's use of evidence under Rules 611 and 1006, as well as evidence admitted over Rule 403 objections. These issues are too numerous to catalogue at this point, as further review of the trial record is necessary, but those claims of error will certainly be part of an claim of "cumulative error" on appeal that warrants a new trial at the very least.

The nature of this "first of its kind" prosecution, peppered throughout with novel questions of law and issues of first impression subject to *de novo* review, is exactly the type of case for which a defendant should not be made to

serve a custodial sentence before the abundant number of legal issues are addressed and resolved through the appellate review to which he is constitutionally entitled.

Date: July 13, 2023                  Respectfully Submitted,

<u>/s/ William L. Shipley</u>
William L. Shipley
PO Box 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com

*Attorney for Defendant*