UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) ) ) | |
| v. | ) ) | Criminal No. 22-cr-15 (APM) |
| **ROBERTO A. MINUTA,** | ) ) ) | |
| **Defendant** | ) ) | |

**MEMORANDUM OPINION AND ORDER**

Defendant Roberto Minuta asks the court to continue his release from custody pending appeal. Def.'s Mot. for Continued Release from Custody Pending Appeal, ECF No. 640 [hereinafter Def.'s Mot.]. He contends that there are substantial legal and factual issues to be raised on appeal that will result in the reversal of his convictions, a new trial, or a reduced sentence. The government opposes Defendant's request. U.S. Opp'n to Def.'s Mot., ECF No. 647. For the reasons that follow, Defendant's motion is denied.

**I.**

Following a five-week trial, a jury convicted Defendant of four counts: (1) seditious conspiracy, in violation of 18 U.S.C. § 2384; (2) conspiracy to obstruct an official proceeding, in violation of 18 U.S.C. §1512(k); (3) obstruction of an official proceeding, in violation of 18 U.S.C. § 1512(c)(2); and (4) conspiracy to prevent an officer from discharging any duties, in violation of 18 U.S.C. § 372. Verdict Form, ECF No. 450. At sentencing, Defendant agreed that the same guideline—U.S.S.G. § 2J1.2—applied to each count. *See* Def.'s Sentencing Stmt., ECF No. 568, at 8. After applying that guideline and its specific offense characteristics, and finding a one-level upward departure appropriate under § 3A1.4 n.4, the court calculated a total offense level of 28.

When combined with a Criminal History Category I, the court determined the applicable guideline was 78 to 97 months of incarceration. *See* Stmt. of Reasons, ECF No. 632, at 1. Ultimately, the court imposed a below-guidelines sentence of 54 months as to each count, with each term to run concurrently with all others. Judgment, ECF No. 631, at 1–3. The court permitted Defendant to self-surrender upon receiving notice by the Bureau of Prisons. Defense counsel has advised the court that Defendant Minuta's surrender date is July 25, 2023.

## II.

18 U.S.C. § 3143(b) sets forth the standard applicable to a request for release pending appeal. A trial court "shall" order a person found guilty of an offense and sentenced to a term of imprisonment to be detained, unless it finds (1) "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under [18 U.S.C. §] 3142(b) or (c)," and (2) "that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in" favorable relief. *Id.* § 3143(b)(1). Such relief includes reversal, a new trial, a sentence that does not include a term of imprisonment, or "a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." *Id.* § 3143(b)(1)(B)(i)–(iv).

Following Defendant's conviction, the court determined that he is not likely to flee and, if subject to strict release conditions, he does not pose a danger to the community. So, the question before the court is whether Defendant has "raise[d] a substantial question of law or fact likely to result in" favorable relief.

To resolve it, the court makes a two-part inquiry: "(1) Does the appeal raise a substantial question? (2) If so, would the resolution of that question in the defendant's favor be likely to lead to reversal [or other favorable relief]?" *United States v. Perholtz*, 836 F.2d 554, 555 (D.C. Cir.

1987) (per curiam). A "substantial question" is one that is "a close question or one that very well could be decided the other way." *Id.* (internal quotation marks omitted). The court must undertake this inquiry bearing in mind that "the law has shifted from a presumption of release to a presumption valid conviction." *Id.* at 556.

### III.

### A.

Defendant identifies a laundry list of nearly a dozen issues that he says raise a substantial question likely to result in favorable relief. *See* Def.'s Reply Mem. in Support of Def.'s Mot., ECF No. 666 [hereinafter Def.'s Reply], at 4–5. Many of them do not meet that standard, however, for the same reason: a favorable decision on the issue would not lead to reversal on "all counts on which imprisonment is imposed." *Perholtz*, 836 F.2d at 557. Defendant was convicted of four counts. Issues 1 and 3–6 pertain only to the seditious conspiracy conviction. Issues 8 and 9 concern only the convictions for conspiracy to obstruct an official proceeding and obstruction of an official proceeding. And Issue 10 relates to the conviction for conspiracy to prevent an officer from discharging any duties. Because the court sentenced Defendant to 54 months on each count of conviction, Defendant would have to prevail on at least three of these issues to secure reversal of all counts.[1] Defendant has made no genuine attempt to show he can achieve such a trifecta. Rather, he merely asserts that his prosecution "involved <u>many</u> novel questions of law and fact" in a "'first-of-its-kind' prosecution" under § 2384 and §§ 1512(c)(2) and 1512(k). Def.'s Mot. at 4.

---

[1] To secure a reversal of all four convictions, Defendant would have to prevail on Issue 1, 3, 4, 5, or 6 as to the seditious conspiracy count; *and* Issue 8 or 9 for the offenses of conspiracy to obstruct an official proceeding and obstruction of an official proceeding; *and* Issue 10 for the conspiracy to prevent an officer from discharging any duties.

3

But a "novel" question is not the same as a "close question or one that very well could be decided the other way." *Perholtz*, 836 F.2d at 555.

Issue 2 faces a similar problem. Defendant intends to assert that "the Government impermissibly created a material variance with the evidence at trial from the nature and scope of the conspiratorial agreements charged." Def.'s Reply at 4. But even if he were to prevail on that issue—and he has made no effort to show that he would—his conviction for a substantive violation of § 1512(c)(2) still would remain. The court sentenced Defendant to 54 months on that count, too.

Issue 7 arguably applies to all counts of conviction. There, Defendant maintains that the court erroneously admitted as evidence against him expression and activities protected by the First Amendment. *Id.* at 4–5. But again, Defendant does not explain how the court erred in admitting such evidence. It is settled that expression in support of seditious acts is not protected by the First Amendment. *See United States v. Rahman*, 189 F.3d 88, 115–116 (2d Cir. 1999) (per curiam); *Dennis v. United States*, 341 U.S. 494, 590 (1951) ("Seditious conduct can always be punished.") (Douglas, J., dissenting). Merely listing an issue as a substantial question does not make it so.

**B.**

Issue 11 does apply to all counts as it involves a challenge to the court's application of certain offense characteristics under § 2J1.2(b). Section 2J1.2 was the pertinent guideline for each offense. Specifically, Defendant intends to raise on appeal that the court was wrong to apply the 8-point increase for an "offense involv[ing] causing or threatening to cause physical injury to a person, or property damage, in order to obstruct the administration of justice" and the 3-point increase for an "offense result[ing] in substantial interference with the administration of justice."

4

U.S.S.G. § 2J.12(b)(1)(B), (b)(2).  Congress's certification of the Electoral College vote, Defendant argues, did not involve the "administration of justice." Def.'s Mot. at 6. If Defendant were to prevail on appeal, it would mean an 11-point reduction of the total offense level. His final guidelines range would be 24 to 30 months—far below both the final guidelines range of 78 to 98 months and the actual sentence of 54 months.

The court agrees that Issue 11 raises a substantial question. As Defendant points out, judges on this Court have disagreed on whether the "administration of justice" enhancements apply to January 6th-related conduct. *Compare United States v. Seefried*, No. 21-cr-287 (TNM), 2022 WL 16528415, at *4 (D.D.C. Oct. 29, 2022) (holding that the enhancements do not apply) *with United States v. Wright*, No. 21-cr-341 (CKK), 2023 WL 2387816, at *1 (D.D.C. Mar. 4, 2023) (finding the enhancements do apply). And the court itself remarked during the omnibus sentencing hearing that the issue was "challenging one." Hr'g Tr., May 24, 2023, at 168.

Still, Defendant is not entitled to release pending appeal. Defendant has not shown that a "likely" sentence resulting from a determination that the enhancements do not apply would "reduce[ ] [his] sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 1343(b)(1)(B)(iv). Other than the nine days following his arrest, Defendant has been on pretrial release, *see* Final Presentence Investigation Report, ECF No. 544, at 2, so what matters is the expected time to complete an appeal.

According to the most recent reporting, for a criminal appeal in the D.C. Circuit, the median time from filing of notice of appeal to last opinion or final order is 13 months.[2] Even if that time were doubled in Defendant's case to 26 months due to the number of co-defendants and complexity

---

[2] Table B-4A—U.S. Courts of Appeals Judicial Business (September 30, 2022) (available at https://www.uscourts.gov/sites/default/files/data_tables/jb_b4a_0930.2022.pdf).

of issues, the likely resulting sentence following a remand would be within the revised guidelines range of 24 to 30 months. Therefore, a reasonable sentence after remand will be, more or less, equal to the time it will take to complete even an extended appeals process. And, the truth is, it is quite probable given the number of appeals that are coming from January 6th prosecutions that the "administration of justice" enhancement issue will be resolved before this longest-time scenario. *See United States v. Robertson*, No. 22-3062 (argued May 11, 2023) (raising the "administration of justice" issue, though it may not be preserved). Defendant therefore has not shown that the "likely" "reduced sentence" is less than the length of time it will take to resolve his appeal.

## C.

Finally, Defendant contends "that there are numerous procedural and evidentiary issues" he will appeal, particularly with regard to the court's admission of so-called "montage" exhibits under Federal Rules of Evidence 611 and 1006. Def.'s Reply at 5. But Defendant has not shown how the court erred in any procedural or evidentiary ruling; nor has he demonstrated how such error was so prejudicial that it would result in a new trial or other relief.

## IV.

For the foregoing reasons, Defendant's Motion for Continued Release from Custody Pending Appeal, ECF No. 640, is denied.

Dated: July 19, 2023

Amit P. Mehta
United States District Court Judge